**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-23848-LEIBOWITZ/AUGUSTIN-BIRCH**

**ANALISA RODRIGUEZ, *et al.*,**

      **Plaintiffs,**

**v.**

**INTERNATIONAL SECURITY**
**GUARD SERVICES, INC., *et al.*,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**
**TO DENY DEFENDANTS' MOTION TO DISMISS DUE TO LACK**
**OF PERSONAL JURISDICTION AND/OR QUASH SERVICE OF PROCESS**

This cause comes before the Court on Defendants International Security Guard Services, Inc., Fenel Luxama, and Dorvil Wilmene's (collectively, "Moving Defendants") Motion to Dismiss Due to Lack of Personal Jurisdiction and/or Quash Service of Process, which is fully briefed at docket entries 33, 36, and 38. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Dismiss to the undersigned United States Magistrate Judge for a report and recommendation. DE 34. The Court has carefully reviewed the Motion to Dismiss and the record and is otherwise fully advised in the premises. As set forth below, the Court **RECOMMENDS** that the Motion to Dismiss [DE 33] be **DENIED**.

Plaintiffs Analisa Rodriguez, Jean Henry, Michael Sambrano, and Dwayne Etienne filed this lawsuit against Moving Defendants and against Defendant Miami-Dade County Public Schools. DE 1. Plaintiffs and Defendant Miami-Dade County Public Schools subsequently notified the Court that they had reached a tentative settlement. DE 10. Moving Defendants now contend that either the purported services of process on them must be quashed or the claims against

them must be dismissed for lack of personal jurisdiction due to ineffective service of process. The Court analyzes the service procedures that apply to each Moving Defendant and Plaintiff's efforts to serve each Moving Defendant to determine whether Plaintiffs effectively served process.

### I.        Defendant International Security Guard Services

Service of process on a corporation may be accomplished by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Florida law, a corporation may be served with process "by service on its registered agent designated by the corporation." Fla. Stat. § 48.081(2). The registered agent must keep a designated office open from at least 10 a.m. to 12 noon and 2 p.m. to 4 p.m. each business day to accept service during those hours. *Id.* § 48.091(3). If a corporation's registered agent cannot be served "after one good faith attempt," then an officer of the corporation may be served instead. *Id.* § 48.081(3) (listing the chair of the board of directors, the president, any vice president, the secretary, the treasurer, and any person listed in the corporation's latest annual report as the officers able to be served).

If, after due diligence, the corporation still cannot be served, then process may be served on the Florida Secretary of State as the corporation's agent. *Id.* § 48.081(4); *see id.* § 48.161(1) (providing for substituted service of process on a corporation to "be made by sending a copy of the process to the office of the Secretary of State"). When process is served on the Florida Secretary of State, notice of service and a copy of the process must also be sent to the last known address of the party to be served "by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery." *Id.* § 48.161(3). A party used due diligence to effect service if the party "[m]ade diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service," "reasonably employed the knowledge at the

2

party's command," and "[m]ade an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process."  *Id.* § 48.161(5).

Defendant International Security Guard Services' registered agent is Defendant Luxama, with an office address on 165th Street in Miami.  Plaintiffs attempted to serve Defendant International Security Guard Services once at that office within the hours of 10 a.m. to 12 noon and 2 p.m. to 4 p.m.  That attempt on September 22 at 2:48 p.m. was unsuccessful because the office was locked, and there was no response to the process server's knocks.  DE 36-1 at 2, 6. Plaintiffs attempted to serve Defendant International Security Guard Services two additional times at the office, albeit outside of the hours that Florida law required the office to be open.  Those two attempts on September 12 at 12:01 p.m. and September 15 at 9:18 a.m. were also unsuccessful because the office was locked, and there was no response to the process server's knocks.  *Id.* at 2, 4–5.

Having made their one good faith attempt to serve the registered agent during the hours that Florida law designates, Plaintiffs could move on to attempt to serve Defendant International Security Guard Services through an officer.  Defendant Luxama is its president, with the same office address on 165th Street in Miami.  Plaintiffs had already tried to serve Defendant International Security Guard Services there and were unsuccessful.

Defendant Wilmene is the vice president.  Defendant International Security Guard Services' annual reports list a business address on 183rd Street in Miami for Defendant Wilmene. But when the process server went to that address, he discovered that the address was for a daycare. The daycare's owner did not know Defendant Wilmene.  DE 36-3 at 2.  So Plaintiffs would not be able to serve Defendant International Security Guard Services through Defendant Wilmene there.

Since Plaintiffs had not succeeded in serving Defendant International Security Guard Services at the 165th Street, Miami address and could not succeed in service at the 183rd Street, Miami address, Plaintiffs set out to ascertain an alternative address where Defendant International Security Guard Services might be served.  They located a possible service address on 183rd Street in Miami Gardens.  But when Plaintiffs attempted service at the office there, no one was present. An individual in the leasing office told the process server that Moving Defendants had moved out in 2023 and had not left a forwarding address or other contact information.  DE 36-1 at 2, 7. Plaintiffs would not be able to serve Defendant International Security Guard Services there.

Plaintiffs located another possible service address at 11th Court in Miami.  When Plaintiffs attempted service at the residence there, the homeowner told the process server that Defendants Luxama and Wilmene had moved out in 2024 and had not left a forwarding address.  *Id.* at 2–3, 8. So Plaintiffs would not be able to serve Defendant International Security Guard Services there either.

Plaintiffs located an additional possible service address on Bell Boulevard in Lehigh Acres. The process server attempted service on Defendant International Security Guard Services there on three different dates in February of 2026.  On each occasion, no one answered the door.  *Id.* at 9.

Plaintiffs had attempted to locate Defendant International Security Guard Services or its officer or agent at five different locations.  Plaintiffs' multiple attempts to effect service at the addresses they could find for Defendant International Security Guard Services constituted due diligence.  With those attempts having been unsuccessful, Plaintiffs could resort to substituted service through the Florida Secretary of State.

Plaintiffs served Defendant International Security Guard Services through the Florida Secretary of State in January of 2026.  DE 36-7 at 8.  Plaintiffs then sent notice of that service and a copy of the Complaint to Defendant International Security Guard Services via certified mail to

the 165th Street, Miami address, the 183rd Street, Miami Gardens address, the 11th Court, Miami address, and the Bell Boulevard, Lehigh Acres address. *Id.* at 7. Plaintiffs further sent a package to Defendant International Security Guard Services at the Bell Boulevard, Lehigh Acres address via a package delivery service. *Id.* at 9. Plaintiffs effectively served Defendant International Security Guard Services under Florida law. With respect to Defendant International Security Guard Services, the Court recommends that the Motion be **DENIED**.

Moving Defendants take issue with how long it took Plaintiffs to serve Defendant International Security Guard Services. Plaintiffs commenced this case in August of 2025 and, following typical procedures, they should have served Moving Defendants within 90 days. DE 1; Fed. R. Civ. P. 4(m). But a court must extend the 90-day service deadline for good cause. Fed. R. Civ. P. 4(m). Judge Leibowitz granted several extensions of the service deadline, ultimately setting a February 9 deadline for service, and Plaintiffs served Defendant International Security Guard Services through the Florida Secretary of State by that final deadline. DE 19; DE 36-7 at 8. Judge Leibowitz was well within his discretion to extend the service deadline given Plaintiffs' multiple attempts to locate an address, agent, or officer so that Defendant International Security Guard Services could be served.

## II.    Defendant Luxama

Service of process on an individual may be accomplished by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Plaintiffs served Defendant Luxama through this method. In January of 2026, a process server left the summons and complaint with Defendant Luxama's adult cohabitant at a residence on Bell Boulevard in Lehigh Acres. DE 36-2 at 4. Because Plaintiffs effectively served Defendant Luxama under Rule 4, the Court recommends that the Motion be **DENIED** with respect to him.

5

Like with Defendant International Security Guard Services, Plaintiffs did not serve Defendant Luxama within 90 days of commencing this case.  But they served him by Judge Leibowitz's extended February 9 deadline for service.  DE 19.  Before accomplishing service, Plaintiffs attempted to serve Defendant Luxama three times at a 165th Street, Miami address, once at a 183rd Street, Miami Gardens address, and once at a 11th Court, Miami address. Each attempt was unsuccessful either because no one answered the door or because Defendant Luxama had vacated the premises without leaving a forwarding address.  DE 36-2 at 2–3. Judge Leibowitz was well within his discretion to extend the deadline for Plaintiffs to serve Defendant Luxama given their multiple attempts to locate an address where he could be served.

### III.    Defendant Wilmene

Service of process on an individual may be accomplished by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Under Florida law, when an individual "conceals his, her, or its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method" of serving the Florida Secretary of State.  Fla. Stat. § 48.161(1), (2).  When process is served on the Florida Secretary of State, notice of service and a copy of the process must also be sent to the last known address of the party to be served "by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery."  *Id.* § 48.161(3).  Again, a party used due diligence to effect service if the party "[m]ade diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service," "reasonably employed the knowledge at the party's command," and "[m]ade an appropriate number of attempts to serve the party, taking into account the particular circumstances,

during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process." *Id.* § 48.161(5).

Plaintiffs attempted to serve Defendant Wilmene at her reported business address on 183rd Street in Miami. When the process server went to that address, he discovered that the address was for a daycare. The daycare's owner did not know Defendant Wilmene. DE 36-3 at 2. Plaintiffs also attempted to serve Defendant Wilmene at Defendant International Security Guard Services' office address on 165th Street in Miami. That attempt was unsuccessful because the office was locked, and there was no response to the process server's knocks. *Id.* at 3.

Plaintiffs located three additional possible service addresses for Defendant Wilmene. They attempted to serve her at an office on 183rd Street in Miami Gardens, but no one was present. An individual in the leasing office told the process server that Moving Defendants had moved out in 2023 and had not left a forwarding address or other contact information. *Id.*

Plaintiffs attempted to serve Defendant Wilmene at a residence at 11th Court in Miami. But the homeowner there told the process server that Defendants Luxama and Wilmene had moved out in 2024 and had not left a forwarding address. *Id.*

Then Plaintiffs attempted to serve Defendant Wilmene at a residence on 165 Northwest Drive in Miami. The tenant there told the process server that Defendant Wilmene was a previous resident who the tenant did not know. *Id.* at 4.

Plaintiffs had attempted to locate Defendant Wilmene at five different locations. Their attempts to effect service at the addresses they could find for her constituted due diligence. And given that Defendant Wilmene's reported business address was inaccurate and that she had vacated various premises without leaving any forward address, Plaintiffs could reasonably conclude that

she was concealing her whereabouts.  Plaintiffs could resort to substituted service through the Florida Secretary of State.

Plaintiffs served Defendant Wilmene through the Florida Secretary of State in January of 2026.  DE 36-7 at 3.  Plaintiffs then sent notice of that service and a copy of the Complaint to Defendant Wilmene via certified mail to six addresses.  *Id.* at 2.  Plaintiffs further sent packages to Defendant Wilmene at three addresses via a package delivery service.  *Id.* at 4–6.  Plaintiffs effectively served Defendant Wilmene under Florida law.  With respect to Defendant Wilmene, the Court recommends that the Motion be **DENIED**.

Like with the other Moving Defendants, Plaintiffs did not serve Defendant Wilmene within 90 days of commencing this case.  They served her by Judge Leibowitz's extended February 9 deadline for service.  DE 19.  Before accomplishing service, Plaintiffs attempted to serve Defendant Wilmene at five addresses.  Each attempt was unsuccessful because the address was inaccurate, no one answered the door, or Defendant Wilmene had vacated the premises without leaving a forwarding address.  DE 36-3 at 2–4.  Judge Leibowitz was well within his discretion to extend the deadline for Plaintiffs to serve Defendant Wilmene given their multiple attempts to locate an address where she could be served.

For the foregoing reasons, the Court recommends that Moving Defendants' Motion to Dismiss Due to Lack of Personal Jurisdiction and/or Quash Service of Process [DE 33] be **DENIED**.  The Court recommends that, under Federal Rule of Civil Procedure 12(a)(4)(A), Moving Defendants be required to file an answer to the Complaint within 14 days of an Order adopting this Report and Recommendation.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to

timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of May, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE