UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-23848-LEIBOWITZ/AUGUSTIN-BIRCH

ANALISA RODRIGUEZ, *et al.*,

     *Plaintiffs,*

*v.*

INTERNATIONAL SECURITY GUARD
SERVICES INC., *et al.,*

     *Defendants.*

_____/

## ORDER ADOPTING MAGISTRATE REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation on Defendants' Motion to Quash Service of Process and/or Dismiss for Lack of Jurisdiction [ECF No. 40] (the "R&R"), filed on May 4, 2026, recommending that Defendants' Motion [ECF No. 33] (the "Motion") be DENIED. [ECF No. 40 at 1, 8]. The undersigned previously referred the Motion to U.S. Magistrate Judge Augustin-Birch for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 34]. Defendants timely objected [ECF No. 41]. Having reviewed the Motion, the parties' papers, relevant portions of the record, the R&R, and Defendants' objections, the Court AFFIRMS and ADOPTS the Report and Recommendation for the reasons discussed below.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

This action arises under the Fair Labor Standards Act ("FLSA") under which covered Plaintiffs seek to recover unpaid straight-time wages and overtime wages from Defendant-employer, International Security Guard Services, Inc. ("ISGS") and two individual Defendants—Fenel Luxama ("Luxama") and Dorvil Wilmene ("Wilmene"). [Compl., ECF No. 1 ¶¶ 1, 4, 5]. On August 27, 2025,

1

Plaintiffs filed a Complaint, and a summons was issued for ISGS the same day [ECF Nos. 1, 3].

On November 24, 2026, Plaintiffs requested a 60-day extension of time to perfect service on the three Defendants and moved for court authorization to serve all three Defendants by substitute service. [ECF No. 13]. The Court denied the Motion without prejudice, finding Plaintiffs failed to meet the statutory requirements for substitute service. [ECF No. 14]. On December 9, 2025, Plaintiffs renewed the request, this time making the required showing. [ECF No. 15]. Accordingly, the Court granted the Plaintiffs' request to serve all three Defendants *via* substitute service "in strict compliance with Florida law." [ECF No. 16]. Substitute service was accomplished by service on the Florida Secretary of State as to all three Defendants by the court-ordered deadline. [ECF Nos. 36-2, 36-7 at 3, 8].

All three Defendants failed to respond to the Complaint, so the Court issued an Order, directing Defendants to respond to the Complaint or show cause as to why they should not be defaulted under Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 28]. The Defendants requested an extension of time for filing a response [ECF No. 29], which the Court granted, setting a deadline of March 2, 2026 [ECF No. 30]. On March 2, 2026, instead of filing a response to the Complaint, Defendants sought a second extension, requesting an additional 7-days to respond to the Complaint [ECF No. 31], which the Court denied [ECF No. 32].

Instead of filing a responsive pleading as ordered by the Court, Defendants filed a motion to quash service of process and to dismiss for lack of personal jurisdiction, arguing Plaintiffs' court-ordered substitute service upon them was deficient. [ECF No. 33]. The undersigned referred the motion to Magistrate Judge Augustin-Birch, who has now made her recommendation that the motion be denied. [ECF No. 33].

## II.    STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

### III.   DEFENDANTS' OBJECTIONS

Defendants' objections are largely conclusory statements that the Magistrate Judge erred, without pointing to specific errors. [*See generally*, ECF No. 41]. So, to the extent the objections are "frivolous, conclusive, or general," the Court did not consider them. *See Schultz*, 565 F.3d at 1361. Below the Court summarizes Defendants' disagreements with Magistrate Judge Augustin-Birch's recommendation as follows:

#### Objection No. 1 is OVERRULED

Defendants complain the R&R erred in finding that (1) Plaintiffs strictly complied with Florida's mandatory hierarchy for corporate service on ISGS; and (2) Plaintiffs met the statutory requirement of "due diligence" to serve ISGSs *via* substitute service on the Florida Secretary of State where Plaintiffs made only one valid attempt to serve ISGS's registered agent at its listed address, then attempted service on ISGS's registered agent twice more at "incorrect addresses." [ECF No. 41 at 9–12]. Here, Defendants misread the R&R and misstate the record. The R&R correctly recites Florida's service rule for corporations like ISGS—which, by the way, is required by law to have a registered agent for service of process at an address that can actually receive that process, Fla. Stat. § 48.091(3)—

3

and then the R&R correctly recounts the multiple, unsuccessful attempts locating and serving ISGS before resorting to court-authorized substitute service.  [*See* ECF No. 40 at 2–4].  Defendants' disagreement with Judge Augustin-Birch's conclusion is unsupported by any case law that would establish any error on her part.  Thus, the objection is OVERRULED.

**Objection No. 2 is OVERRULED**.

Defendants next complain the R&R erred in finding service of process was properly effectuated as to individual Defendant Wilmene. [ECF No. 41 at 13–17].  Here, Defendants challenge Plaintiffs' due diligence by arguing Wilmene's change of residence and, hence, Plaintiffs attempt at service at "outdated or incorrect addresses," did not demonstrate the kind of "active concealment" needed to support substitute service upon Wilmene.  [*Id.* at 14–15].  Once again, Defendants mischaracterize the record and the R&R.  The R&R sets forth the proper service rules for individuals, then describes how Plaintiffs satisfied those rules. [ECF No. 40 at 6–8].  The record clearly establishes that prior to the court-ordered substitute service, Plaintiffs made five unsuccessful attempts at service upon Wilmene, which attempts were unsuccessful due to either an incorrect address, an unanswered door, and/or Wilmene's vacating the premises without leaving a forwarding address.   [ECF No. 40 at 2–4].  On these facts, Defendants' argument that Plaintiffs "failed to exhaust personal service" at Wilmene's "usual place of abode" is frivolous.  The service rules allow for substitute service in cases where, despite a party's due diligence, service cannot be accomplished by traditional means.  That is what happened here.   Defendants cannot evade personal service to evade service entirely. Accordingly, this objection is OVERRULED.

**Objection No. 3 is OVERRULED**

Defendants next complain the R&R erred by not finding a lack of diligence on Plaintiffs' part for their waiting three months to conduct skip-trace searches. [ECF No. 41 at 17–20].  Once again, Defendants fail to cite any legal authority establishing that a party's failure to conduct a skip-trace

search at any point in time (or at all) shows a lack of diligence.  The Court thus rejects this gripe as frivolous.  Accordingly, this objection is OVERRULED.

### Objection No. 4 is OVERRULED

Lastly, Defendants find error with the Court's granting Plaintiffs a second extension of time to effectuate service upon them because Plaintiffs made the request two days after the court-ordered service deadline and failed to show "excusable neglect."  [ECF No. 41 at 20–22].  The Court points out that counsel for all three Defendants appeared in this action on **February 23, 2026**, at which time counsel requested an extension of time to respond to the Complaint.  [ECF Nos. 25, 26, 27, 29].  It was only after the Court denied Defendants a second request for an extension on **March 3, 2026**, that Defendants raised any issue about how they were served.  [*See* ECF Nos. 32, 33].  Clearly, Defendants have notice of this action.  And service upon all three Defendants was proper under Florida's service rules, as Magistrate Judge Augustin-Birch correctly found.  Accordingly, this objection is OVERRULED.

### Sanctions for bad faith, vexatious, litigation conduct

The Court takes this opportunity to caution Defendants and their counsel that delay tactics conducted in bad faith have consequences.  *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 34, 55-56 (1991) (finding that district court acted within its discretion and inherent authority in assessing as a sanction for bad faith conduct the moving party's attorneys' fees); *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (attorneys' fees and costs may be assessed against the client, or the attorney, or both "when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018); *People for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2020 WL 13614406, at *13 (M.D. Fla. Feb. 26, 2020), *judgment entered*, 2020 WL 13614398 (M.D. Fla. Mar. 23, 2020) (awarding attorneys' fees and costs as a sanction under both

Fed. R. Civ. P. 37 and the court's inherent authority for defendant's bad faith conduct and failure to comply with numerous discovery orders).

This Court does not tolerate obstreperous behavior by litigants, or their lawyers. It has not gone unnoticed by the undersigned that Defendants believe they have paid Plaintiffs all that was owed them under the Fair Labor Standards Act. [*See* ECF No. 41 at 4]. That may be correct or not; but that determination will be made by the Court, not Defendants. Now that Defendants must answer the Complaint, the Court will enter a Fair Labor Standards Practices Order to streamline the litigation. Defendants are hereby **ORDERED** to actively participate in this litigation or face the possibility of sanctions.

## IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1.   The Magistrate Judge's Report and Recommendation [ECF No. 40] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2.   Defendants' Motion To Quash [**ECF No. 33**] is **DENIED.**

3.   Defendants must answer the Complaint [ECF No. 1] **no later than May 29, 2026**, or face the possibility of the entry of a Clerk's default against them.

**DONE AND ORDERED** in the Southern District of Florida on May 14, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

6